*Nov. Term, 1858.*

MEWHERTER
v.
PRICE.

---

MEWHERTER *v.* PRICE and Another.

So much of the act concerning promissory notes and bills of exchange, as refers to "other instruments," is void, because not embraced by the title.

A written contract for the delivery of property, is not assignable by indorsement.

But where such an assignment is made upon a valuable consideration, the assignee, being the real party in interest, may sue in his own name, making the assignor a party; for the written assignment being inoperative, the contract stands as it would have stood had it been sold and delivered without indorsement.

The Supreme Court will not decide a question touching parties to an action, unless it was raised by demurrer or answer below.

The assignee of a contract, by sale and delivery, may perform all the stipulations which the assignor was bound to perform.

| 11 | 199 |
|----|-----|
| 163 | 92 |

| 11 | 199 |
|----|-----|
| 165 | 196 |

| 11 | 199 |
|----|-----|
| 166 | 198 |
| f167 | 204 |

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—This was an action by the appellees, who were the plaintiffs, against *Mewherter.* The following is

*Friday, December 3.*

the case made by the complaint: On the 4th of *December*, 1854, the defendant entered into a contract in writing with *Morgan* and *Parkhurst*, signed by the parties, by which he agreed to deliver to them one thousand corn-fatted hogs, to average two hundred pounds net, at any pork-packing house in *Madison* that they might designate, between the 1st and the 20th of *December*, 1855, for which they were to pay 4 dollars, 25 cents, per one hundred pounds net; 1,000 dollars to be paid on the 1st of *June*, 1855, and 1,000 dollars on the 1st of *October* in the same year, and the balance on the delivery of the hogs; which several sums, they, *Morgan* and *Parkhurst*, paid to the defendant, as stipulated, &c.   And on the 29th of *December*, 1854, the defendant and one *McEwen* entered into a written contract, signed by them respectively, whereby the defendant agreed to deliver to *McEwen*, at any pork-packing house designated by him in *Madison*, between the 1st and the 25th of *December*, 1855, one thousand merchantable hogs, to average two hundred pounds net, at and for the price of 4 dollars, 25 cents, per one hundred pounds net, to be paid for on delivery; and *McEwen*, as stipulated in the contract, paid an advance thereon of 2,000 dollars.

After this, in *September*, 1855, *McEwen*, by indorsement, assigned his contract with defendant to the plaintiffs; and afterwards in *October* in the same year, *Morgan* and *Parkhurst*, by indorsement, assigned to the plaintiffs the contract by them entered into with the defendant.

It is averred that for these assignments the plaintiffs paid 4,000 dollars; that they gave the defendant due notice that they held the contracts, designated their own pork-packing house in *Madison* as the place where said hogs should be delivered, and so notified the defendant; but that he failed to deliver the hogs, or any part of them, though the plaintiffs were, at all times, ready to pay for the hogs on delivery, &c.

The defendant demurred, upon the alleged ground that the complaint does not state facts sufficient to constitute a cause of action; but his demurrer was overruled.

Are the contracts set forth in the complaint assignable,

so as to authorize the assignees to sue in their own names?
This is the first question raised by the demurrer. We
have a statute entitled "An act concerning promissory
notes and bills of exchange," which provides—

"That all promissory notes, bills of exchange, or other
instruments of writing, signed by any person who prom-
ises to pay money, or acknowledges money to be due, or
for the delivery of any specific article, or to convey prop-
erty, or perform any stipulation therein mentioned, shall
be negotiable by indorsement thereon, &c.

"The assignee of any such instrument may, in his own
name, recover against the person who made the same" (1).

The appellant insists that under the act to which we
have referred, the assignments cannot be sustained, be-
cause promissory notes and bills of exchange are alone
embraced in the title of that act; that its provisions, so far
as they relate to "other instruments of writing," are not
within the subject of its title, and consequently not within
the requirements of § 19, art. 4, of the constitution. That
section declares that "every act shall embrace but one sub-
ject, and matter properly connected therewith, which sub-
ject shall be expressed in the title. But if any subject
shall be embraced in the act, which shall not be expressed
in the title, such act shall be void only as to so much
thereof as shall not be expressed in the title." We have
seen that the title to the act under consideration is limited
to promissory notes and bills of exchange. Its language
is very explicit, and we know of no rule of construction
by which it can be so extended as to embrace instruments
in writing other than those which it expressly names.
Hence, the title to which we have referred, cannot, in view
of the constitutional provision above quoted, be held to
embrace the subject of the contracts in suit; and the act
itself, so far as it may, in terms, authorize their assign-
ment, is plainly inoperative. There are, however, other
provisions of the code, which, it is contended, sustains the
action in the names of the plaintiffs below. Section 3 of
the act concerning civil procedure, says: "Every action
must be prosecuted in the name of the real party in inter-

est," &c.; and section 6 of the same act declares that "when any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a party," &c.  2 R. S. pp. 27, 28.  Here, the facts stated clearly induce the conclusion that the assignments were made upon a valuable consideration; and the result is, that the appellees were the real party in interest.  And the written assignments being inoperative, the case stands as it would have stood had the contracts been sold and delivered without indorsement.  It follows that under sections 3 and 6, to which reference has been made, the action was properly instituted in the name of *Shrewsberry* and *Price*.  It is true, the complaint does not make the assignors of the contracts parties; but no question as to parties is raised by demurrer or answer; hence, we are not allowed to notice that point of inquiry.

Another ground is assumed against the ruling of the Court upon the demurrer.  It is said that the assignors, though they might legally make the assignments, could not, without the assent of the defendant, authorize the assignees to designate the place of delivery.  We think otherwise.  The sale and delivery of the contracts to them was, in effect, an authority to the assignees to perform all the stipulations which, by the contracts, the assignors were bound to fulfill.  Indeed, it could make no material difference to the defendant, who pointed out the place of the delivery of the hogs, provided it was done by the party who, upon such delivery, was entitled to receive them as his property.

*Per Curiam*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. Herod* and *S. Stansifer*, for the appellant.

*C. E. Walker* and *J. W. Chapman*, for the appellees.

(1) 1 R. S. p. 378, §§ 1, 2.