Nov. Term,
1858.

WILSON and Another *v.* CLARK.*

WILSON
v.
CLARK.

Suit by the payee against the makers of promissory notes. Answer, that before suit brought, the plaintiff sold and delivered the notes to *A.*, and received from *A.* the price and consideration of said sale, &c.; that from the time of such sale, &c., up to the present, they have been wholly the property of *A.*, and in his possession, and he is the only person who has any interest in them or their proceeds; that by said sale, &c., the plaintiff assigned the notes to *A.* without indorsement; that the plaintiff is not the owner of the notes, or either of them, nor has he any interest whatever in or to them; that he has not now, nor has he since said sale, &c., had, either of the notes in his possession; that the plaintiff did not direct or authorize the commencement of this action in his name, but it was commenced by the direction of *A.* alone. *Held,* good on demurrer.

The notes sued on were executed in *Michigan*, and the complaint contained the following clause: "By the law of *Michigan*, in force at the date of the notes, and from thence hitherto, the said *Clark* [the plaintiff], or his indorsee, can alone maintain the action."

*Held,* 1. That it is uncertain, from this language, whether a statute is relied on or not; but it may be so regarded, as the doubt must operate against the pleader.

2. That the clause of the complaint did not put the law of *Michigan* into the case—it amounted to nothing.

3. That where a statute of another state is relied on, it must be fully recited in the pleading, that the Court may judge of its effect.

*Brackenridge* v. *Baxton*, 5 Ind. R. 501, overruled.

The statute (2 R. S. p. 45) has changed the rule for pleading private statutes of this state; but no change is made as to pleading laws of another state.

APPEAL from the *Lagrange* Court of Common Pleas.

PERKINS, J.—Suit by the payee against the makers of promissory notes.

*Monday,
December 20.*

Answer by the defendants, "that before the commencement of this suit, said *Clark,* the payee of the notes and plaintiff in the suit, sold and delivered said notes to *Thomas J. Spalding,* and received from said *Spalding* the price and consideration of said sale and delivery; that from the time of the delivery by said *Clark* to *Spalding,* up to the present, they have been wholly the property of *Spalding,* and in his possession; that said *Spalding* is the only person who has any real interest in or title to said

---

* A petition for a rehearing of this case was filed on the 13th of *January,* and overruled on the 16th of the same month.

notes, or their proceeds; that said *Clark*, by said sale and delivery, assigned said notes to said *Spalding* without indorsement; that said *Clark* is not the owner of said notes, or either of them, nor has he any interest whatever in or to them, nor has he now, or at any other time since said sale, had either of said notes in his possession, nor did said *Clark* direct or authorize this action to be commenced in his name, but it was commenced by the direction of said *Spalding* alone."

Demurrer to this answer sustained. Judgment for the plaintiff for the amount of the notes.

The answer was a good bar to the action, and the demurrer to it should have been overruled. By our statute, suit must be brought in the name of the real party in interest. See *Lamson* v. *Falls*, 6 Ind. R. 309; *Harvey* v. *Myer*, 9 *id.* 391; *Ferry* v. *Jones*, 10 *id.* 226; *Swift* v. *Ellsworth*, *id.* 205.

Another point is made in the case. The notes sued on were executed in the state of *Michigan*, and the complaint contains the following clause :

"By the law of *Michigan*, in force at the date of the notes, and from thence hitherto, the said *Clark*, or his indorsee, can alone maintain the action."

It is uncertain from this language, whether a statute is relied on or not; but it may be so regarded, as the doubt must operate against the pleader.

It is insisted upon this averment that the suit, as to parties, is rightly brought, and that the law of this state as to parties cannot control it.

Waiving the question, for the present, whether if the *Michigan* law were really brought before the Court, it could have the effect claimed for it, it is enough for the purposes of this case to say that the law of that state has not been put into the case. The clause quoted from the complaint amounts to nothing. It is a mere assumption, by the pleader, of a legal proposition, without an averment of any facts for the proposition to rest upon. Pleadings should state facts, not legal propositions. Under our system of pleading, if a written instrument or record, or other

matter of fact, be relied on as the foundation of an action, it must be placed plainly, fully, and with certainty, upon the record. If the law of another state be relied on, that law must be fully recited in the pleading, that the Court may judge of its effect, and be able to give a construction to it. Sedgw. on Stat. p. 34. *Archbold* says, in his Pleading (pp. 146, 147), that if a statute be pleaded, it must be specially "recited in the pleading; otherwise the Court cannot take notice of anything contained in it." This is the language of all the books and adjudicated cases. 14 Petersd. Abr. p. 172.—1 Blacks. Comm. p. 85, note.—*The Ohio, &c., Co.* v. *Ridge*, 5 Blackf. 78.—*The State* v. *The Trustees, &c.*, 5 Ind. R. on p. 91. The case of *Brackenridge* v. *Baxton*, 5 Ind. R. 501, can scarcely be supported.

Our statute (2 R. S. p. 45) has changed the rule so far as it relates to private statutes of this state. They may be pleaded by reference to title and day of approval, because such pleading enables the Court, without inconvenience, to examine the act in the printed statute-book. But no change is made as to pleading laws of another state. These, the Court may not be able to examine in the books. They may have to depend upon the copy recited in the pleading.

As to the point which we passed by, touching the right of the legislature to alter the law as to parties, it is one not necessary, it will be perceived, to be here decided. The point has, however, been determined in *Hancock* v. *Ritchie*, at this term (1), in which it is held that the statute authorizing the equitable assignee to sue in his own name, relates to the remedy alone, and applied to then existing contracts.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison*, for the appellants (2).

*J. B. Howe*, for the appellee (3).