————o————

## Lewis and Another *v.* Sheaman.

PLEADING.—ASSIGNMENT OF NOTES.—In a complaint for foreclosure by the assignee of a mortgage, the defendant pleaded, by way of set-off, that before notice of the assignment, one A had assigned to him a promissory note executed by the mortgagee to A, &c. Reply in five paragraphs: 1. General denial. 2. That at the time of the assignment of the note by A

to the defendant, it was agreed between them that if the latter failed to collect it, he was to return it to A.   3. That the assignment of the note by A to the defendant was made for the purpose of enabling the latter to collect it for A.   4. That at the time of the assignment from A to the defendant, it was agreed between them that the property in the note should not pass to the defendant.   5. That the defendant is in no manner, nor was he at the time of filing the answer, the owner of said note.

*Held,* that the third paragraph was good, and that the second, fourth and fifth paragraphs were bad. ·

APPEAL from the *Harrison* Common Pleas.

GREGORY, J.—The appellants brought an action against the appellee to foreclose a mortgage given by the latter to *Irving,* and by him assigned to the appellants.   The defendant answered in three paragraphs:

1. The general denial.

2. By way of set-off, a promissory note executed by *Irving* to *Farquer,* and by the latter assigned to the defendant, before notice of the assignment of the mortgage to the plaintiff.

3. Set-off of a small account against *Irving.*

The plaintiff filed a reply to the second and third paragraphs, in denial thereof, and to the second paragraph he filed a further reply in four paragraphs, being the second, third, fourth and fifth paragraphs of the plaintiff's reply to the answer of the defendant.   The second avers that at the time of the assignment of the note by *Farquer* to the defendant, it was agreed between them that if the latter failed to collect the note, he was to return it to the former.   In the third, it is alleged that the assignment of the note from *Farquer* to the defendant was made for the purpose of enabling the latter to collect it for the former; that the assignment was made for that purpose alone.   The fourth sets up, that at the time of the assignment from *Farquer* to the defendant, it was agreed between them that the property in the note should not pass to the latter.   The fifth paragraph is that the defendant is in no manner, nor was he at the time of the filing of his answer, the owner of the note set up in the second paragraph thereof.

Demurrers were sustained to the second, third, fourth and fifth paragraphs of the reply, and these rulings are assigned for error.

We think the law on this subject well settled. *Swift* v. *Ellsworth*, 10 Ind. 205. By the rulings in that case, the second, fourth and fifth paragraphs of the reply are bad, and the demurrers were correctly sustained to them. But the third paragraph is good. The facts stated show that notwithstanding the assignment, *Farquer* is the real party in interest. It is very clear that if he is, the defendant ought not to be permitted to defeat the plaintiff's action. The defendant can only claim to set-off this note on the ground that he became the owner thereof before notice of the assignment of the mortgage to the plaintiffs. 2 G. & H., § 3, p. 658. We think the purpose of the statute was to protect those who acquired an actual right to the set-off before notice, and that it is not a device to enable strangers to enforce their obligations against the assignor. This is a defense to the set-off that could not be given in evidence under the general denial, and the error is one for which the judgment below must be reversed.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the third paragraph of the plaintiff's reply, and for further proceedings.

*J. H. Butler* and *W. Q. Gresham*, for appellants.

*J. H. Stotsenburg* and *T. M. Brown*, for appellee.