No. 11,933.

PIXLEY ET AL. *v.* VANNOSTERN.

PROMISSORY NOTE.—*Party in Interest.*—*Plea in Bar.*—In an action on a promissory note by the endorsee, a verified answer by the makers, admitting the execution of the note, but alleging that the payee was still the owner thereof, and that the plaintiff had no interest in it other than as the agent and trustee of the payee, who was the real party in interest, and that the note was assigned to the plaintiff only for the purpose of collection, is a plea, not in abatement, but in bar.

From the Delaware Circuit Court.

*R. S. Gregory* and *A. C. Silverburg,* for appellants.
*G. H. Koons,* for appellee.

BLACK, C.—Action by the appellee against the appellants upon a promissory note executed by the latter to one Mary E. Warner, and by her endorsed to the appellee. The appellants answered, admitting the execution of the note to the payee named therein, but alleging that she was then, and ever since the execution of the note had been, the owner thereof in her own right; that the plaintiff had not, and never did have, any right, title or interest in or to said note other than as the agent and trustee of said payee; that the note was assigned to the plaintiff for the purposes of collection and not otherwise; and that said payee was the real party in interest. This answer was verified by the affidavit of one of the defendants.

The plaintiff replied by general denial. The court tried

the cause and found for the plaintiff, assessing his damages, and rendered judgment accordingly.

All the questions that the appellants have sought to present for our decision resolve themselves into one, which is whether the answer was in bar or in abatement, it being contended on behalf of the appellants that it was the latter. This position of the appellants can not be sustained. *Swift* v. *Ellsworth*, 10 Ind. 205; *Wilson* v. *Clark*, 11 Ind. 385; *Lewis* v. *Sheaman*, 28 Ind. 427; *Hereth* v. *Smith*, 33 Ind. 514. We find no error.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed at the costs of the appellants.

Filed Jan. 22, 1885.