The State, *ex rel.* Ruhlman, *v.* Ruhlman, Executrix, *et al.*

No. 11,914.

THE STATE, EX REL. RUHLMAN, *v.* RUHLMAN, EXECU-
TRIX, ET AL.

PLEADING.—*Practice.—Answer in Abatement.—Demurrer.—Motion to Strike Out.*—Where an answer in abatement is pleaded with an answer in bar, it should be struck out on motion; but neither the fact that it does not precede the answer in bar, nor that it is not verified, renders it bad on a demurrer for want of facts.

SAME.—*Answer in Bar.—Abatement.—Party in Interest.*—An answer which states facts showing that the plaintiff had no interest in the subject-matter of the action at the time of its commencement, and that some other person named was at the time the real party in interest in such suit, is an answer not in abatement, but in absolute bar, of the pending action.

WILL.—*Bequest to Wife.—Action.—Party in Interest.—Conversion.—Executor.*—Where, by the express terms of a will, the testator gave and bequeathed all his personal property, absolutely and without limitation or restriction, to his wife, an action can not be maintained by an heir, during the lifetime of the wife, upon the bond of the executor, for the unlawful conversion by such executor of any part of the personal estate, the wife being the only party interested, and she alone having a right to complain of such conversion.

From the Shelby Circuit Court.

*E. P. Ferris, J. S. Ferris* and *W. W. Spencer,* for appellant.
*N. B. Berryman,* for appellees.

HOWK, J.—This was a suit by appellant's relator, as plaintiff, upon the bond of one John B. Ruhlman, as executor of the last will of Bernhard Henry Ruhlman, deceased, against appellee Dores Ruhlman, as executrix of such executor, since deceased, and Henry Rahe, the surety in such executor's bond, as defendants.

The breach of the condition of the executor's bond, assigned by the relator in his complaint herein, was, that said John B. Ruhlman, as such executor, had failed and neglected to inventory, or to charge himself with, in any manner, three promissory notes due and payable to his testator, at the time of his death, and described in a bill of particulars filed with

such complaint, all of which notes the relator averred that such executor had collected, and, without accounting for the proceeds thereof either to the proper court or to any person interested therein, had unlawfully converted the same to his own use, to the relator's damage, etc.

The cause was put at issue and tried by a jury, and a verdict was returned for appellees, the defendants below, and over the relator's motion for a new trial, the court adjudged that he take nothing by his suit, and that appellees recover of him their costs.

Errors are assigned here by appellant's relator, which call in question the overruling (1) of his demurrer to the fourth paragraph of appellees' answer, and (2) of his motion for a new trial.

The relator sued herein as an heir at law and legatee under the last will of Bernhard Henry Ruhlman, deceased. To the relator's complaint, the appellees jointly answered in four paragraphs, of which the first was a general denial of the complaint, and each of the other paragraphs stated a special defence. The relator's demurrers were sustained as to the second and third paragraphs, and overruled as to the fourth paragraph of appellees' answer. In this fourth paragraph of answer, appellees admitted that Bernhard Henry Ruhlman died testate, and that John B. Ruhlman was duly appointed executor of his last will, and, as such, executed the bond, as set forth in the relator's complaint; but they averred that, by the will of such testator, which was duly probated in Shelby county, Bernhard H. Ruhlman bequeathed to his widow, Susannah Ruhlman, all his personal property, money and notes; and that said Susannah Ruhlman was still living. Wherefore the relator had no interest in the matters in suit herein, and should not maintain this action, and appellees demanded judgment.

It is claimed by relator's counsel, as we understand their argument, that this fourth paragraph of appellees' answer is a plea in abatement, and that it was error to overrule the

demurrer to such paragraph, because it did not precede, but was pleaded with, other paragraphs of answer in bar of the action. Our code provides, it is true, that "An answer in abatement must precede, and can not be pleaded with an answer in bar, and the issue thereon must be tried first and separately." Section 365, R./S. 1881.

It does not follow, however, by any means, that, if an answer in abatement be pleaded with an answer in bar, it will be error to overrule a demurrer, for the want of sufficient facts, to such answer in abatement. Where an answer in abatement does not precede, but is pleaded with an answer in bar, the plaintiff should move the court to strike out or reject the answer in abatement, and it would be error, we think, to overrule such motion.

In the case in hand, if the fourth paragraph of answer had been an answer in abatement, the court would have sustained the relator's motion, we may well suppose, to strike out or reject such paragraph upon one or both of two grounds, namely: 1. Because the paragraph was not "supported by affidavit;" and, 2. Because it did not precede, but was pleaded with. an answer in bar of the action. Neither of these grounds, however, would have authorized the court to sustain the relator's demurrer, for the want of sufficient facts, to the fourth paragraph of appellees' answer, even if such paragraph were, in fact, an answer in abatement. *Toledo Agricultural Works* v. *Work,* 70 Ind. 253; *Vail* v. *Rinehart,* 105 Ind. 6.

But the fourth paragraph of answer was not a plea in abatement, but was, on the contrary, an answer in absolute bar of the relator's action. Without controverting any of the allegations of the relator's complaint, the appellees simply said in the fourth paragraph of their answer, the substance of which we have heretofore given, that the relator had no interest whatever, as heir at law or legatee of Bernhard Henry Ruhlman, deceased, in the three promissory notes which were the subject-matter of this suit; but that,

by reason of such decedent's bequest of all his personal property, money and notes to his widow, Susannah Ruhlman, who was still living, she became and was the only real party in interest in the subject-matter of this action. Our code provides that "Every action must be prosecuted in the name of the real party in interest." Section 251, R.. S. 1881. It is settled by our decisions, that an answer, which states facts showing, if true, that the plaintiff had no interest in the subject of the action, at the time of its commencement, and that some person, naming him, other than such plaintiff, was at the time the real party in interest in such suit, is an answer not in abatement, but in absolute bar, of the pending action. *Wilson* v. *Clark*, 11 Ind. 385; *Lewis* v. *Sheaman*, 28 Ind. 427; *Hereth* v. *Smith*, 33 Ind. 514; *Curtis* v. *Gooding*, 99 Ind. 45; *Pixley* v. *VanNostern*, 100 Ind. 34. "It has long been the rule in this State, that the defence that the plaintiff is not the real party in interest must be specially pleaded." *Felton* v. *Smith*, 84 Ind. 485, and cases cited.

It must be held, therefore, we think, that the fourth paragraph of appellees' answer herein stated a good defence in bar of this action, and that the relator's demurrer to such paragraph was correctly overruled.

2. Under the alleged error of the court, in overruling the relator's motion for a new trial herein, his counsel claim that the verdict of the jury, in appellees' favor, was not sustained by sufficient evidence. This claim of counsel can not be maintained. Certainly, there is evidence in the record of this cause, which not only tends to sustain, but, as we think, very fully sustains, the verdict of the jury on every material point. It is not our province, as an appellate court, to weigh the evidence adduced by the parties respectively before the trial court and jury; but if it were, it would seem to us that the evidence appearing in the record fairly preponderates in favor of the appellees, and fairly sustains the verdict in their favor. Without conflict therein, the

evidence fully sustains the fourth paragraph of appellees' answer, which, as we have seen, is an absolute bar of the relator's pending action. The will of Bernhard Henry Ruhlman, deceased, was put in evidence by the relator herein. By the *fourth* item of his will, the testator gave and bequeathed all his personal property, "such as money and notes, etc.," absolutely and without any limitation or restriction thereon, to his "beloved wife, Susannah Adele Ruhlman." It was shown that Mrs. Ruhlman was still living, as she testified on the trial of this cause as a witness for appellees.

If it were conceded, therefore, that the other evidence appearing in the record, without any conflict therein, showed conclusively that John B. Ruhlman, as executor of the last will of Bernhard Henry Ruhlman, deceased, had not only collected all the money due on the three promissory notes, which were the subject of the relator's action, but had also, as charged, unlawfully converted such money to his own private use, still, we could not disturb the verdict of the jury, nor reverse the judgment below, in favor of the appellees, upon the entire evidence given in the cause. Because, the facts stated in the fourth paragraph of answer having been shown to be true by uncontradicted evidence, it is very clear, we think, that the unlawful conversion of the moneys, so collected by such executor, did not affect the relator in any manner, or to any extent, nor give him any right of action upon the executor's bond against the appellees herein. For, in such case, the testator's widow, Susannah A. Ruhlman, was the real party in interest, and she alone had the right to complain of the unlawful conversion of the moneys so collected, or to maintain any action therefor or on account thereof.

But the evidence wholly fails to show, as it seems to us, that the executor, John B. Ruhlman, had converted to his own use any of the moneys so collected by him on such three promissory notes. It is negatively shown that the

executor did not include such three notes in his inventory of the estate of his testator, because such notes do not appear in the inventory which was put in evidence. But it was fairly shown by the evidence in the record, that the money due on such notes was paid to the executor, after his appointment as such and before he filed his inventory of the testator's estate; and that he had included the money so collected in such inventory afterwards filed, and therein had charged himself, as such executor, with the amount of such money as so much money on hand, belonging to the estate of his testator. Our consideration of the entire evidence, as it appears in the record, has strongly impressed our minds with the opinion that this cause was fairly tried below upon the merits, and that a right conclusion was arrived at by the jury, in their verdict herein, which was approved by the court below. In such a case, as we have often decided, the verdict will not be disturbed here, for or on account of error in any of the instructions given by the court. *Cassady* v. *Magher*, 85 Ind. 228; *Norris* v. *Casel*, 90 Ind. 143; *Ledford* v. *Ledford*, 95 Ind. 283; *Sanders* v. *Weelburg*, 107 Ind. 266. So, also, our code provides that "where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below," as it appears to us in this case, the judgment shall not "be stayed or reversed, in whole or in part." Section 658, R. S. 1881.

We pass by the rulings complained of, in relation to the competency of witnesses and evidence, because, in the view we have taken of this case, these rulings, even if erroneous (and they were not in our opinion), would not and could not authorize the reversal of the judgment.

The court did not err, we think, in overruling the relator's motion for a new trial.

The judgment is affirmed, with costs.

Filed May 11, 1887.