Deuel *v.* Newlin.

Judgment affirmed.

Filed March 29, 1892.

--- --- ◆ --- ---

No. 15,295.

## DEUEL *v.* NEWLIN.

PROMISSORY NOTE.—*Payable in Bank.—Transfer to Plaintiff Without Consideration.—Answer.—Sufficiency of.—*In an action upon a promissory note payable at a bank in this State, when it is averred in the complaint that it was transferred before due, for value, and was taken by the plaintiff in good faith, etc., an answer is good which avers that the note was, and at all times had been, the property of the payee; that the plaintiff had no actual interest in it, and that it was transferred to him without consideration, for purposes of collection only, and to prevent the defendant pleading as a set-off against it certain indebtedness due to him from the payee.

From the Noble Circuit Court.

*L. W. Welker,* for appellant.

*R. P. Barr,* for appellee.

McBRIDE, J.—Suit by the appellant to collect a note and

Deuel *v.* Newlin.

foreclose a mortgage given by the appellee to one Hall, and by Hall assigned to the appellant. The note was payable at a bank in this State, and it was averred that it was transferred before due, for value, and was taken by the appellant in good faith, etc.

The second paragraph of answer averred, in substance, that the note was, and at all times had been, the property of the payee; that the appellant had no actual interest in it, and that it was transferred to him without consideration, for purposes of collection only, and to prevent the appellee pleading as a set-off against it certain indebtedness due to him from the payee.

A demurrer to this paragraph of answer was overruled, and this ruling is assigned as error. The answer is clearly good. *Bostwick* v. *Bryant*, 113 Ind. 448; *State, ex rel.,* v. *Ruhlman*, 111 Ind. 17; *Pixley* v. *Van Nostern*, 100 Ind. 34; *Curtis* v. *Gooding*, 99 Ind. 45; *Wilson* v. *Clark*, 11 Ind. 385; *Hereth* v. *Smith*, 33 Ind. 514; *Lewis* v. *Sheaman*, 28 Ind. 427.

The only other error assigned is that the court erred in overruling the appellant's motion for a new trial.

While several reasons were assigned for a new trial, counsel for the appellant has confined his discussion to the sufficiency of the evidence to sustain the finding.

We do not consider or pass upon the objection urged by counsel for the appellee as to the technical sufficiency of the assignment of the reasons for a new trial.

The evidence was principally addressed to an answer of set-off—the appellee alleging indebtedness of the payee of the note to him before its assignment, and that the appellant took it with notice of the indebtedness. Except for inferences which may legitimately be drawn from the evidence, the evidence, as shown by the record, is very slight tending to show notice. It can not be said, however, that there is no evidence tending to establish that fact. There is evidence of some facts tending that way, while from some circum-

stances surrounding the transaction there arises a strong inference tending to the same conclusion. It is, in our opinion, a case where the trial court having weighed the evidence and reached a given conclusion, we can not under our rules disregard the finding.

Judgment affirmed.

Filed March 29, 1892.