ROANE IRON COMPANY *v.* BELL-ARMSTEAD MANUFACTURING COMPANY.

[No. 3,013.   Filed March 6, 1900.]

BILLS AND NOTES.—*Assignment.—Answer.*—An answer in an action on a promissory note that plaintiff was not the owner of the note, but that the same was transferred to plaintiff for the purpose of bringing an action thereon, and to avoid the defense which defendant had against same, in the hands of the owners, constitutes a good defense.   *p. 252.*

SAME.—*Assignment.—Consideration.—Answer.*—An answer in an action on a promissory note that the note was executed without consideration for the sole purpose of favoring the payee, who agreed to take and hold the same, and not to negotiate or indorse same with-

Roane Iron Co. *v.* Bell-Armstead Mfg. Co.

out the maker's consent; that at the time of the execution of the note the payee was largely indebted to the maker; that the note was assigned to plaintiff without the knowledge or consent of the maker, and without consideration, and that plaintiff knew all of the circumstances attending the execution of the note, states a good defense to the action on the note.  *pp. 252, 253.*

PRACTICE.— *Special Finding. — Amendment. —* A trial judge may amend his special findings and conclusions of law at any time before final judgment, and during the period within which a bill of exceptions containing the evidence may be filed.  *pp. 254, 255.*

From the Sullivan Circuit Court.  *Affirmed.*

*Reily & Emison, G. W. Buff* and *W. R. Nesbit,* for appellant.

*J. T. Hays, W. A. Cullop* and *C. B. Kessinger,* for appellee.

HENLEY, J.—Action by the appellant upon two promissory notes executed by appellee to the firm of Hosford and Plummer, and by them indorsed to appellant. The complaint consists of two paragraphs. In the first paragraph it is alleged that the appellee on the 11th day of October, 1894, executed to Hosford and Plummer its promissory note for $791.50, due four months after date; that said Hosford and Plummer indorsed the same to appellant before the maturity of said note, and that the same is due and unpaid. The second paragraph is upon a note for $792.20, due February 20, 1895, and in all other respects is like the first paragraph.

Appellee answered in seven paragraphs. The first paragraph was a general denial. The lower court overruled appellant's demurrer to the second, third, fourth, fifth, and sixth paragraphs of answer, and sustained the demurrer addressed to the seventh paragraph of answer. Appellant's reply to the second, third, fourth, fifth, and sixth paragraphs of answer was a general denial. The cause was submitted to the court for trial, and, upon request of appellant, the court made a special finding of facts and stated its conclusions of law thereon.

Appellant excepted to the special findings and conclusions of law, and filed its motion for a *venire de novo*, which motion was overruled. Appellee moved to change and modify the special findings and conclusions of law in certain respects in said motion specified. This motion the court in part sustained, and in part overruled, and judgment was rendered in favor of appellant for $933 and costs. To the rulings of the trial court upon appellant's demurrers, and upon each of the motions as hereinbefore noted, the appellant objected, and excepted, and has brought the questions arising upon each ruling to this court for review, by a proper assignment of errors.

We will first notice the ruling upon the demurrer to the several paragraphs of answer. It is averred in the second paragraph of answer that appellant is not the owner of the notes sued on; that they belong to the firm of Hosford & Plummer, the original payees of said notes; that appellant never purchased or owned said notes, and has no interest in them; that said notes were duly transferred to appellant for the purpose of bringing this action, and to avoid the defense which appellee has against said notes in the hands of said Hosford & Plummer, who are the owners of said notes. This answer is clearly good. *Deuel* v. *Newlin*, 131 Ind. 40; *Bostwick* v. *Bryant*, 113 Ind. 448; *Pixley* v. *Van Nostern*, 100 Ind. 34; *Curtis* v. *Gooding*, 99 Ind. 45; *Hereth* v. *Smith*, 33 Ind. 514; *Lewis* v. *Sheaman*, 28 Ind. 427.

The answer was good, even if appellant had by the averments of its complaint placed itself within the operation of the rule governing good faith purchasers of commercial paper before maturity. *Deuel* v. *Newlin*, *supra*.

The defense set up in the third paragraph of answer was that the notes in suit were executed without any consideration, and for the sole purpose of favoring the payees, who agreed to take said notes and hold the same, and not to negotiate or indorse them to any one, without appellee's consent. That at the time of the execution of said notes,

the payees, Hosford & Plummer, were indebted to appellee in a large sum for other notes negotiated by them, the proceeds of which they had failed to turn over to appellee, and said payees were also largely indebted to appellee for moneys collected belonging to appellee, and appropriated to their own use, without the knowledge or consent of appellee. That said notes were turned over to appellant by the payees thereof, without the knowledge or consent of appellee, and without any consideration passing therefor. That appellant knew all the circumstances attending the execution of said notes, knew that appellee never, at any time, consented to the transfer of said notes to appellants, or any other person; that said notes were executed by appellee for the sole purpose of permitting the payees thereof to appear to their various creditors as solvent, and as having assets in the shape of commercial paper due and owing them,—all of which appellant knew when it obtained possession of said notes.

The answer presented a complete defense to an action upon the notes by the payees, and any answer which was sufficient as against the payees of the notes was a sufficient answer to appellant's complaint. It was not necessary to the sufficiency of said answer that appellee aver, as it in fact did aver, that appellant had notice and knowledge of appellee's defense at the time of the transfer of said notes, because, as has been heretofore said, appellant does not by its complaint place itself in any better position than that of the original payees. *Bunting* v. *Mick*, 5 Ind. App. 289; *Giberson* v. *Jolly*, 120 Ind. 301; *Scotten* v. *Randolph*, 96 Ind. 581.

It is sufficient to say as to the fourth, fifth, and sixth paragraphs of answer that each of said paragraphs was good. Appellant could by its reply have placed itself within the rule applied to innocent purchasers of commercial paper not due, but was content to file a reply in general denial; and so the question as to notice of defenses or equities be-

tween the original parties to the notes at the time of the purchase or transfer was not within the issues presented by the pleadings.

Appellant assigns two reasons in its motion for a *venire de novo.* (1) "The finding of the court states that the first note in suit has been paid, and was so paid before the bringing of this suit; but such finding does not state to whom the same was paid, and the issues are so vague it cannot be determined to whom the finding intends to apply said finding of payment." (2) "For the reason that said finding states that the first note in suit, prior to the bringing of the suit, had made thereon the following indorsement: 'This note has been paid us by Hosford & Plummer, Cincinnati, Ohio,' which indorsement, at the time of the trial, had been so erased as that the same could only be translated by means of a strong glass, and that the court, from the evidence, is unable to say who placed the indorsement thereon, or who erased the same; and the court did not find that the same was placed there by plaintiff, and therefore, the court should have found that said note was not paid." Before the rendition of the judgment upon the special findings and conclusions of law, the court, upon motion of appellee, amended its findings so that it was found as a fact therein that the first note was paid to the appellant by the said Hosford & Plummer, pursuant to a certain settlement had between said Hosford & Plummer and appellee; the settlement here referred to being the settlement stated as a defense to the action in the fourth paragraph of appellee's answer. We think the corrected finding meets every material objection raised by the motion for a *venire de novo.*

Counsel for appellant argue that it was not within the power of the court to amend the special findings of fact and conclusions of law. The trial judge is in all cases permitted to amend his special findings and conclusions of law at any time before final judgment, and during the period within which a bill of exceptions containing the evi-

dence may be filed. *Thompson* v. *Connecticut Ins. Co.*, 139 Ind. 325; *Jones* v. *Mayne*, 154 Ind. 400; *Johnson* v. *Foreman, ante*, 93.

Payment was not pleaded as a defense to the appellant's complaint, but the payment of the note, which the court finds was paid by Hosford & Plummer to appellant, was one of the necessary facts to be found to support the defense interposed by the fourth paragraph of appellee's answer. The finding as to the payment of the note was within the issues. An examination of the evidence shows that some evidence was offered to sustain every material fact found by the court. We find no error.

Judgment affirmed.