JOHN A. BOYD MOTOR COMPANY *v.* CLAFFEY.

[No. 13,253.   Filed February 19, 1929.   Rehearing denied July 5, 1929.   Transfer denied June 10, 1932.]

James W. Noel, Hubert Hickam, Alan W. Boyd and Robert D. Armstrong, for appellant.

Fae W. Patrick, Bachelder & Bachelder, Fenton, Steers, Beasley & Klee and James C. Jay, for appellee.

NEAL, J.—The appellee, in his complaint against appellant, in substance alleges: That the appellant was a corporation, engaged in the general business of selling, buying and repairing automobiles; that appellee was the owner of a Buick touring car and that on July 8, 1927, appellee delivered his car to appellant for the purpose of having it repaired; that the appellant accepted and received said car and promised to re-deliver the same on or about July 10, 1927; that appellant failed to use proper care to protect said automobile while in its possession in that said car was stolen from appellant's garage about July 10, 1927, and one day thereafter was found on a public road in Indiana in a damaged and wrecked condition; that it was necessary to repair the car and the cost of repair was $219.15; that appellee lost the use of his car for 30 days and that a reason-

able compensation for the loss of the use of his automobile was $60; that the "repair of said damage was made necessary by reason of the carelessness and negligence on the part of defendant (appellant) to properly look after, protect and care for said automobile while in its possession."

Appellant by his amended second paragraph of answer alleges that prior to July 10, 1927, the American Auto Indemnity Association, an organization of persons, firms and individuals doing business in the State of Indiana, with its principal office in the city of Indianapolis, as a reciprocal insurance association had issued its policy of insurance to appellee, whereby said association and the various subscribers thereof undertook and agreed to insure and indemnify appellee against all loss or damage of every kind and character which might arise by reason of the theft of the automobile described in the complaint; that said policy of insurance further contained a provision whereby appellee agreed that said association should be subrogated, under the terms of said policy, upon payment of any loss or damage to said automobile occurring by reason of theft, to any and all causes of action of any description appellee might have as against any third person growing out of or in any manner connected with or arising by reason of the theft of said automobile; that said policy further provided that, upon payment of such loss or damage to appellee occurring by reason of the theft of said automobile, appellee would assign to said association and members thereof any and all claims or causes of action he might have as against any third person growing out of or connected with or arising from the theft of said automobile; that appellant did not have in its possession a copy of said policy of insurance and was, therefore, unable to attach a copy thereof as an exhibit, but that appellee had in his possession a copy thereof and that the terms

and conditions thereof were fully and completely known to him; that said automobile was left with appellant for repair, as alleged in the complaint, but was stolen by third persons unknown to appellant prior to its re-delivery to appellee; that said loss and all the items thereof described in the complaint were covered by said policy of insurance and that said association had fully paid appellee all the items of loss alleged in the complaint; that appellee, pursuant to the provisions of his policy and in consideration of said payments, thereafter, and before the commencement of this action, assigned to said association and the subscribers thereof all causes of action appellee then had or asserted against any third persons arising out of or connected with the said theft, including the cause of action sued upon against appellant, and that said association had been subrogated to any and all rights that appellee had ever had as against appellant by reason of the matters and things alleged in the complaint; that said association and the subscribers thereof were the only owners entitled to the proceeds of any judgment which might be rendered in the action and that appellee was not entitled to any of the proceeds of any judgment so rendered and had no interest therein; that by reason of the terms appellee was not the real party in interest in the cause and could not maintain this action against appellant.

The appellee's demurrer to said answer was sustained. Appellant refused to plead further and the court rendered judgment in favor of appellee in the sum of $220.15 and costs. The error assigned is the sustaining of appellee's demurrer to appellant's amended second paragraph of answer.

It is provided by §258 Burns 1926, that every action must be prosecuted in the name of the real party in interest; with certain exceptions not material to this case.

The question of the right of a plaintiff to maintain an action as the real party in interest must be raised by a special answer, unless the complaint on its face discloses that the plaintiff is not the real party in interest, when it may be raised by demurrer. Such answer, if the facts are sufficiently alleged and are true, is in bar of the action.

*Felton* v. *Smith* (1882), 84 Ind. 485;

*Board, etc.,* v. *Jameson* (1882), 86 Ind. 154;

*Curtis* v. *Gooding* (1884), 99 Ind. 45, 52;

*Morningstar* v. *Cunningham* (1887), 110 Ind. 328, 11 N. E. 593, 59 Am. Rep. 211;

*State* v. *Ruhlman* (1887), 111 Ind. 17, 11 N. E. 793;

*Bostwick* v. *Bryant* (1888), 113 Ind. 448, 16 N. E. 378;

*Bowser* v. *Mattler* (1894), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714.

What constitutes the real party in interest under our code? Under the decisions of our state, as appears by a long line of cases, the party entitled to the fruits of the action has been held to be the real party in interest, unless the party comes within an exception provided for by the statutes.

*Swift* v. *Ellsworth* (1856), 10 Ind. 205, 71 Am. Dec. 316;

*Mewherter* v. *Price* (1858), 11 Ind. 199;

*Wilson* v. *Clark* (1858), 11 Ind. 385;

*Gillespie* v. *Ft. Wayne, etc., R. Co.* (1859), 12 Ind. 398;

*Treadway* v. *Cobb* (1862), 18 Ind. 36;

*Kelley* v. *Love, Exr.* (1871), 35 Ind. 106;

*Deuel* v. *Newlin* (1891), 131 Ind. 40, 30 N. E. 795;

*Sinker* v. *Floyd* (1885), 104 Ind. 291, 4 N. E. 10;

*Bostwick* v. *Bryant, supra;*

*Tyler* v. *Davis* (1905), 37 Ind. App. 557, 75 N. E. 3;

*Roane Iron Co.* v. *Bell-Armstead Mfg. Co.* (1900), 24 Ind. App. 250, 56 N. E. 696;

*In re Burk* (1918), 66 Ind. App. 435, 118 N. E. 540.

It has also been held that, unless otherwise provided for by our code, the bare legal title is not sufficient to constitute a plaintiff as the real party in interest.

*Bostwick* v. *Bryant, supra;*

*Deuel* v. *Newlin, supra;*

*Board, etc.,* v. *Jameson, supra.*

Under the provisions of the civil code, where a claim has been assigned prior to the commencement of the action, the assignee is the only proper plaintiff and the action cannot be maintained by the assignor.

*Louisville,. etc., R. Co.* v. *Goodbar* (1882), 88 Ind. 213, 215;

*Reynolds* v. *Louisville, etc., R. Co.* (1875), 143 Ind. 579, 40 N. E. 410.

The answer alleged that the appellee, under and pursuant to the terms of the insurance policy, would assign to the American Auto Indemnity Association and the members thereof, any and all claims or causes of action he might have as against any third person growing out of or connected with or arising from the theft of the appellee's automobile upon the payment to appellee the amount of such loss; also that such loss was paid to appellee and said assignment was made pursuant to the provisions of the policy. The answer does not allege that the assignment was made in writing and no copy of such assignment is found in the answer or made a part of the same as an exhibit. Appellee's contention that we should regard the assignment as in parol is probably correct. It has been repeatedly held, however, that an assignment may be made by parol.

*Slaughter, Assignee,* v. *Foust* (1837), 4 Blackf. (Ind.) 379;

*Groves* v. *Ruby* (1865), 24 Ind. 418;

*Fordyce* v. *Nelson* (1883), 91 Ind. 447.

The appellee agreed to make an assignment of all causes of action, etc., and payment to him by the insurer of the whole of his loss had the effect of creating an equitable assignment of the insured cause of action against the person causing the loss, for equity regards that as done which the parties have agreed should be done.

The cause of action was assignable. In the case of *Employers' Fire Ins. Co.* v. *Consolidated Garage and Sales Co.* (1927), 85 Ind. App. 674, 155 N. E. 533, this court, by Judge McMahan, said: "Any and all rights of action possessed by Martindale against the sales company or its employees arising out of or in any way connected with the act of the employee ... was assignable, and was assigned to appellant, and this included the right to sue for the damage occasioned by the wrecking of the car."

The answer also alleges that the policy contained a provision whereby appellee agreed that said association should be subrogated upon the payment of any loss or damage to said automobile occurring by reason of the theft, to any and all causes of action of any description appellee might have as against any third person growing out of or in any manner connected with or arising by reason of the theft of the automobile. The agreement of the insured to subrogate the insurer to the rights of appellee against appellant was sufficient upon the payment of the loss (although the right of subrogation in equity does not depend on the presence of a special clause in the policy conferring the right), to result in an equitable assignment in favor of the insurer of the cause of action sued upon. Subrogation

applies in this case even though the theory of appellee's complaint as stated by his counsel "is based upon a breach of a bailee of an implied provision of warranty of the contract of bailment, to-wit: That the bailee would deliver the property to the owner upon demand and in as good condition as when received." *Stevens* v. *Stewart-Warner Speedometer Corp.* (1916), 223 Mass. 44, 111 N. E. 771.

Although the right of subrogation has in some of the reported cases been found in part, at least, on the provisions of assignment in the insurance policy (*Egan* v. *British, etc., & Marine Ins. Co.* [1901], 193 Ill. 295, 61 N. E. 1081, 86 Am. St. 342), it is generally held that such an assignment is not necessary to support the right of action (*Marine Ins. Co.* v. *St. Louis, etc., R. Co.* [1890], 41 Fed. 643), for the reason that the insurer, by reimbursing the insured of all his loss occasioned by the wrongful and negligent act of the third person, obtains an equitable assignment of insured's entire cause of action against such third person.

*Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525, Ann. Cas. 1918A 828;

*Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995;

*Auto Owners' Protective Exchange* v. *Edwards* (1922), 82 Ind. App. 558, 136 N. E. 577;

*Insurance Co.* v. *Atlantic Coast Line R. Co.* (1903), 132 N. C. 75, 43 S. E. 548.

In this case, the entire loss of appellee and of the items thereof described in appellees complaint, were covered by the policy of insurance and the insurer fully paid appellee all the items of loss alleged in the complaint prior to the commencement of this action; thus by assignment and subrogation the insurer was the only party beneficially interested, and was entitled to the entire fruits of the action

and thereby became the real party in interest. *Pittsburgh, etc., R. Co.* v. *Home Ins. Co., supra; Auto Owner's etc., Exchange* v. *Edwards, supra; New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952; *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1892), 134 Ind. 215, 218; 33 N. E. 970, 20 L. R. A. 405; *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511, 81 N. E. 90; *Pittsburgh, etc., R. Co.* v. *German Ins. Co., supra; Lord & Taylor, Inc.,* v. *Yale & Towne Mfg. Co.* (1920), 230 N. Y. 132, 129 N. E. 346, 348; *Connecticut Fire Ins. Co.* v. *Erie R. Co.* (1878), 73 N. Y. 399, 405, 29 Am. Rep. 171; *Cox* v. *Cincinnati Traction Co.* (1923), 45 Ohio Circuit Ct. Rep. 824; *Cunningham* v. *Seaboard Air Line R. Co.* (1905), 139 N. C. 427, 51 S. E. 1029, 2 L. R. A. (N. S.) 92; *Smith* v. *Insurance Co.* (1914), 181 Mo. App. 455, 168 S. W. 831; *Waters* v. *Schultz* (1925), 233 Mich. 143, 206 N. W. 548; *Omaha R. Co.* v. *Granite State Fire Ins. Co.* (1898), 53 Nebr. 514, 73 N. W. 950.

In *Board, etc.,* v. *Jameson, supra,* a chemist, who had been employed by a coroner to make a chemical analysis in connection with an autopsy, brought an action against the county to recover the value of his services. An insurance company had advanced to plaintiff the amount owing, under an agreement that he would assign to it any judgment he might recover against the county. It was held that plaintiff was not the real party in interest and could not maintain the action. We quote therefrom (at p. 163), as follows: "There still remains a perplexing question. Is the appellee the real party in interest? The evidence shows that the appellee received the full amount of his claim; . . . and that he agreed, in consideration of the money received by him, to assign such a judgment as he might recover to the insurance company. It seems to us that he thus divested himself of all beneficial interest in the claim,

and vested it in the company. If he retained no substantial interest, then his assignee became the real party in interest, and, under our code, was the only proper plaintiff. . . .

"It is quite certain that the appellee has received all he can ever get out of his claim, for, by the terms of his agreement, the judgment, the moment it is rendered, will, in equity if not at law, belong to the insurance company, and, this being true, he has no possible interest in the claim. His assignee, however, has such an interest as equity will recognize and protect; it is therefore the assignee and not the assignor who must invoke judicial assistance."

No doubt the appellee would have been a necessary defendant in an action brought by the insurer against appellant under §283 Burns 1926, provided the question was properly raised.

The appellee also contends that the assignment is void because the American Auto Indemnity Association cannot sue in its own name. The assignment, however, is alleged to have been to such association and the subscribers thereof, and undoubtedly was sufficient to vest title in the subscribers. In the case of *Turner* v. *Henshaw, Rec.* (1927), 86 Ind. App. 565, 155 N. E. 222, this court said: "Subscribers entitled to the benefit of the note and mortgage are not without their remedy. Equity does not permit a trust to fail for want of a trustee."

We have examined the cases cited by appellee and fully appreciate the statement found in 30 Cyc. p. 78 to the effect "that it is enough to entitle plaintiff to maintain the action, as real party in interest, if he has the legal title to the demand, and defendants will be protected in a payment to or recovery by him." The above statement of law, however, applied to allegations of appellant's answer, in view of the decision of our

courts, will not sustain the ruling of the trial court. Judgment reversed, with instructions to overrule the demurrer to appellant's amended second paragraph of answer.