SPUTH *v.* THE FRANCISCO STATE BANK ET AL.

[No. 15,752. Filed March 29, 1938.]

150

*Morton C. Embree* and *Charles O. Baltzell,* for appellant.

*Sanford K. Trippett* and *McDonald & McDonald,* for appellees.

WOOD, J.—This was an action by the Francisco State Bank, hereinafter referred to as the "bank," against its co-appellee Union Standard Life Agency Co., Inc., hereinafter referred to as "agency company," and the appellant, to recover upon a check issued by appellant to appellee agency company and by it transferred by written endorsement, to the bank.

The issues consisted of a second amended complaint in one paragraph and answer by the appellant in four paragraphs, first, a general denial; second, entire failure of consideration; third, partial failure of consideration; and fourth, payment. The appellee bank filed a reply in general denial to the affirmative paragraphs of answer. The agency company defaulted.

On these issues the cause was tried to the court with-

out a jury. Upon request the court made a special finding of facts and stated conclusions of law thereon. Judgment was rendered upon the conclusions of law against appellant and the agency company. Appellant appeals assigning for reversal, error of the court in each of its conclusions of law. The finding of facts is in the following language:

"Finding No. 1. That at all times mentioned in plaintiff's second amended complaint the plaintiff was a corporation organized under the laws of the State of Indiana, and engaged in the general banking business, conducting a bank of discount and deposit at the town of Francisco and vicinity in said Gibson County. That at all times complained of in said complaint the defendant, Union Standard Life Agency Co., Inc., was a corporation duly organized under the laws of the State of Indiana, and was engaged in the business of selling and writing insurance in Gibson County, Indiana, and elsewhere in said state, and during said time carried a deposit or checking account with said plaintiff bank.

"Finding No. 2. That on November 24, 1933, the defendant Carl B. Sputh, executed and delivered to said Agency Co. his bank check for the sum of Two Thousand Dollars ($2,000.00) drawn on the American National Bank of Indianapolis, Indiana, and payable to said Agency Co., or order, for the purpose of protecting and taking care of certain checks theretofore drawn on said plaintiff Bank by said Agency Co., in the aggregate sum of about eighteen hundred dollars ($1800.00), and by one Felix Broeker in the sum of One Hundred Forty-seven Dollars ($147.00), and which said checks were on said day presented to said plaintiff for payment. That the said check of (on) the said Carl B. Sputh, together with the endorsement on the back thereof, is in the words and figures as follows:

"'AMERICAN NATIONAL BANK AT INDIANAPOLIS.

Indianapolis, Ind., Nov. 24, 1933.
Pay to the order of Union Standard Life Ag. Co.
Inc. $2,000.00 Two Thousand and no/100 Dollars.

CARL B. SPUTH.

(Endorsement on back)
Pay to the order of the Francisco State Bank, Francisco, Indiana, Union Standard Life Agency Co.
Inc.'

"Finding No. 3. That thereafter, on said 24th day of November, 1933, said Agency Co. endorsed on the back thereof said check in writing, as set forth in Finding No. 2 hereof, and thereupon presented said check so endorsed to plaintiff, and requested plaintiff to cash the same; that plaintiff did then and there cash said check and credited the proceeds thereof in accordance with the directions of said Agency Co., as follows, to wit: Eighteen hundred fifty-three dollars ($1853.00) to the account of said Agency Co., and one hundred forty-seven dollars ($147.00) to the account of one Felix Broeker, in said Bank.

"That thereafter, on said day, the plaintiff Bank honored and paid said checks so drawn on it by said Agency Co., in the aggregate sum of about eighteen hundred dollars ($1800.00) and by said Broeker in said sum of one hundred forty-seven dollars ($147.00).

"Finding No. 4. That thereafter, in the regular course of banking business, the said plaintiff duly presented said Sputh check for payment to said American National Bank, but that payment thereof was refused and said check was duly protested on account of insufficient funds on the 27th day of November, 1933; that the protest charges amounted to the sum of two dollars and six cents ($2.06), which charges in said sum the plaintiff, on, to wit, December 2, 1933, paid.

"Finding No. 5. That from time to time after No-

vember 24, 1933, to December 27, 1933, said Agency Co. made certain deposits to its credit in said plaintiff Bank, and likewise made, by checks thereon, certain withdrawals therefrom so that on, to wit, December 27, 1933, its said checking account in said bank was overdrawn to the amount of seventeen hundred seventy-eight dollars and ninety-three cents ($1778.93), and that said Agency Co. did not at any time thereafter make any further deposit to its said bank account, or pay said overdraft, but suffered its said account to remain overdrawn in said sum of seventeen hundred seventy-eight dollars and ninety-three cents ($1778.93). That on said December 27, 1933, one Earl H. Weitzel, cashier of said bank, advanced out of his own personal funds said sum of seventeen hundred seventy-eight dollars and ninety-three cents ($1778.93) to said Bank for the purpose of taking up said overdraft and balancing the account of said Agency Co. on the records of said Bank. That at no time did said bank ever assign or in any way transfer said check to said Weitzel, and that said plaintiff is now and has been since said check was given the owner of said check.

"Finding No. 6. That the said Sputh executed said check for a valuable consideration; that said plaintiff paid a valuable consideration for said check, and that said Sputh has not paid said check, or any part thereof, and that the same remains due and wholly unpaid. That the said Agency Co., as set forth in Finding No. 5 hereof, has paid on said check the sum of two hundred twenty-one and 7/100 dollars ($221.07), and no more, and that the balance thereof, to wit, seventeen hundred seventy-eight dollars and ninety-three cents ($1778.93) remains due and wholly unpaid."

Upon these facts the court concluded the law to be: (1) that the law is with the plaintiff; (2) that the plain-

tiff should recover of and from the defendants the sum of $1778.93 with interest at six per cent per annum from December 27, 1933.

Appellant's first contention is that the finding of facts shows that the bank was not the real party in interest in this cause; that if anyone had a cause of action against appellant it was Earl H. Weitzel. It is settled by our decisions that when an answer alleging facts, which, if true, show that the plaintiff is not the real party in interest in the subject-matter of the action but that some person, naming him, other than the plaintiff is the real party in interest, it is not an answer in abatement but is an answer in bar of the pending action and must be specially pleaded. *State ex rel. Ruhlman* v. *Ruhlman, Exrx., et al.* (1886), 111 Ind. 17, 11 N. E. 793; *Bowser* v. *Mattler* (1893), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714; *Boyd Motor Co.* v. *Claffey* (1932), 94 Ind. App. 492, 165 N. E. 255. Since this fact was not tendered as an issue, the appellant is not in a position to raise the question at this stage of the proceedings.

Appellant next contends that the facts show that appellant's check was not paid; that it was returned to the appellee bank from the bank upon which it was drawn; that the overdraft against the agency company was again reinstated upon the books of the bank; that Weitzel paid this overdraft out of his own funds; that therefore the bank was saved from the loss of the overdraft, hence the consideration for the check had failed.

The general principles governing our courts in determining the disposition to be made of assignments of error predicated upon conclusions of law have been repeatedly declared by our Supreme Court and this court and need not be restated.

The check in suit was a negotiable instrument, §19-101 Burns 1933, §12818 Baldwin's 1934, and being

a negotiable instrument "is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." §19-201 Burns 1933, §12841 Baldwin's 1934.

The finding of facts must be construed as a whole. When so construed they show that on November 24, 1933, appellant issued his check to the agency ■ company for the purpose of protecting and paying checks which it had drawn against its account in the bank. Appellant's check was endorsed to the bank. It cashed the check, credited the proceeds to the account of the agency company and on the same day paid the checks of the agency company presented to the bank for payment, amounting in the aggregate to about $1800.00. From November 24, 1933, to December 27, 1933, the agency company made deposits in the bank to its credit and by means of checks made withdrawals therefrom so that on December 27, 1933, the agency company was again indebted to the bank because of an overdraft, in the sum of $1778.93, which sum was paid to the bank by its cashier Weitzel, again balancing the account of the agency company on the books of the bank. In the regular course of banking, appellant's check was presented to the American National Bank for payment, was not paid because of insufficient funds, was protested and returned to appellee bank. This check was never assigned or transferred by the bank and it has always been the owner thereof ever since it was issued and endorsed to it. The check was issued for a valuable consideration. The bank paid a valuable consideration for the check. The appellant never paid the check and it was due and unpaid in the sum of $1778.93.

If we interpret appellant's contention correctly, he would have this court say from the facts as found by

the trial court, that when his check was returned to the bank unpaid for insufficient funds, the bank charged it back to the account of the agency company, thus reinstating the overdraft which the check was given to pay in the first instance; that Weitzel paid this overdraft and that therefore there is a failure of consideration for the check. Under the issues the burden was upon the appellant to prove these material facts. There is no finding of fact that the bank ever charged the check back to the account of the agency company thus reinstating the overdraft. On the issues of failure of consideration and payment the finding of facts is expressly against the appellant.

By excepting to the conclusions of law the appellant admitted, for the purpose of the exceptions, that the facts upon which the conclusions were based were fully and correctly found. The truth of the facts contained in the special finding of facts was not questioned by a motion for a new trial.

The third conclusion of law relates to the recovery of costs. This was not warranted and must be disregarded. It is not necessary for the court to state any conclusion of law relative to costs. Our statutes make provision for the awarding of costs. *Shandy* v. *Bell* (1934), 207 Ind. 215, 189 N. E. 627.

Finding no error, the judgment is affirmed.