CREDIT BUREAU OF FULTON COUNTY, INC. *v.* FAULSTITCH.

[No. 19,964. Filed January 15, 1964.]

512

*John J. Delworth, Jr.*, of Rochester, for appellant.

*Paul Reed, Ronald St. Martin*, and *Reed, Reed & St. Martin*, of Knox, for appellee.

PFAFF, J.—This is an action brought by appellant, Credit Bureau of Fulton County, Inc., against appellee, Marie Faulstitch, to recover for hospital care given to appellee by the Woodlawn Hospital of Rochester, Indiana.

Appellant, as alleged assignee of the Woodlawn Hospital, sought to recover $1,494.36 which appellant alleged was due for hospital care given to appellee by appellant's assignor at appellee's special instance and request.

Appellee filed answer in general denial of appellant's complaint. Trial was had by the court. The finding and judgment of the court was for the appellee, Marie Faulstitch.

The appellant moved for a new trial based on the ground that the findings of the court were not sustained by sufficient evidence and were contrary to law.

The appellant now alleges as its assignment of error that the trial court erred in overruling appellant's motion for a new trial.

As a matter of first consideration, our attention is drawn to the fact that the appellant's brief fails to specifically set out those matters establishing the fact that a valid assignment was made to said appellant from Woodlawn Hospital. Without such fact of assignment the appellant herein has no stand-

ing to sue, since it cannot be inferred by this court that said appellant is the real party in interest. It may well be that the claim was transferred to appellant for the purpose of collection only, in which case the transferee would not be the real party in interest. *Deuel* v. *Newlin* (1892), 131 Ind. 40, 30 N. E. 795; *Roane Iron Co.* v. *Bell-Armstead Mfg. Co.* (1900), 24 Ind. App. 250, 56 N. E. 696; *Bostwick* v. *Bryant* (1888), 113 Ind. 448, 16 N. E. 378.

It is a well-settled rule that the Appellate Court will not search the record in order to seek sufficient evidence to support a reversal for the appellant, which is what this court would be required to do to hold for the appellant herein. *Ross* v. *Clore* (1947), 117 Ind. App. 548, 551, 74 N. E. 2d 747; *Albertson* v. *Nix* (1944), 115 Ind. App. 128, 129, 57 N. E. 2d 206. Nor is the appellee required to assume the burden of the appellant to properly present the evidence. *Evansville City Coach Lines, Inc.* v. *Roger* (1952), 122 Ind. App. 119, 99 N .E. 2d 435, 102 N. E. 2d 504.

Inasmuch as the appellant has failed to establish in its brief the fact of a valid assignment, which we consider essential to this case, we are compelled to affirm the judgment of the lower court without further consideration of appellant's assigned error.

Judgment affirmed.

Hunter, P. J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 195 N. E. 2d 359.