### Butler Ballast Co. v. William Hoshaw.

1. MASTER AND SERVANT—*When Ordinary Care may be Presumed.*— A servant may often be deemed to have used ordinary care for his personal safety when acting under the express invitation or advice of the master, when, but for that circumstance, his conduct would be deemed clear evidence of negligence.

2. WITNESS—*Cross-examination—Efforts at Settlement.*—On the cross-examination of a witness for the defendant he may be asked if he had tried to procure the plaintiff's release, to the defendant, of his injuries, for the purpose of tending to show his interest in the suit.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

Statement.—Appellee sued appellant in an action on the case for injuries to his foot, alleged to have been occasioned by the negligence of appellant. The declaration in substance states that on December 5, 1899, the appellant was surface-mining coal, and for such purpose used a machine called a dredge boat to remove the earth from over the vein of coal; this machine was on large iron wheels, and was operated upon a track of metal rails eighteen feet apart; there were two propelling and two supporting wheels on each side, which were operated between large oak timbers, the latter being lined with sheet iron; the wheels had iron spokes, and in revolution came in friction with the sheet iron lining, causing the edges of the spokes to be sharpened.

Butler Ballast Co. v. Hoshaw.

The machine was operated by steam power, both in its movements upon its track and the movements of the excavating dredge or scoop; appellee was employed to keep the track and adjacent ground clean of the dropping of earth from the ladle in the process of scooping and removing the earth from the coal, and charges that appellant neglected to cover the propelling wheels so that they would be safe to work about, and while appellee was performing his ordinary duties, appellant, by its foreman, having knowledge of the dangerous condition of the machine, carelessly ordered him, while the wheels were in motion, to pour sand or cinders upon one of the propelling wheels, which service was outside of appellee's ordinary duties, and appellee not knowing of the danger incident to such act, and while using due care in obedience to such order, stepped upon one of the large oak timbers for the purpose of sanding the wheel, as directed, when his left foot slipped against the spokes of the wheel, whirling on the sheet iron lining of the timber, thereby cutting his toes off.  The general issue was filed to the declaration.  A trial by jury ended in a verdict for $750, and the court having overruled appellant's motion for a new trial, gave judgment upon the verdict, to reverse which this appeal is brought, and it is assigned and argued for error, that the evidence is not sufficient to support the verdict; that the court erred in its rulings as to the admission and exclusion of evidence, and in giving and refusing of instructions, and that the damages are excessive.

H. M. STEELY, attorney for appellant.

KEESLAR & ACTON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.
Appellee, as appears from the evidence, was employed by appellant to clear away the earth that fell upon the track, and at the sides, from the scoop of its dredge, when excavating for coal.  To operate the machine properly it was necessary to change its location upon the track, and this was done by means of steam power applied through

machinery to propelling wheels set upon the rails of the
tracks.   These wheels, or some of them, would at times slip
or slide upon the rails without moving the machine, and in
such instances it became necessary to sand the wheels
before the machine could move.   It was a disputed fact
upon the trial whether the duty of sanding the wheels
belonged to appellee's employment, but however that was
in fact, the appellee in his testimony admits he did it habit-
ually and regularly when requested by those in charge of
the machinery.   Otherwise it seems clear to us, from all
the evidence in the case, appellee had no other duty to per-
form in the operation of the machinery; his other duties,
like those of a section hand upon a railroad, were to keep
the track in order, and we are free to say, from the evi-
dence, appellee was not a fellow-servant with those who
operated and controlled the dredge.   At the time of the
injury, as we have said, appellee had been accustomed to
sand the wheels when occasion required, by direction of the
engineer or other person in charge, and whether the mas-
ter's employment included that duty or not in the first
instance, it is reasonable to infer from the length of time
appellee had performed the same, it was with the master's
knowledge and consent, and whatever advice or direction
was given by the person in charge of the machine, will
properly be held to be the act of the master.   The evidence
is that the propelling and other wheels, next to the iron lined
timbers, against which they rubbed, was unguarded and with-
out protection, and it was a fair question for the decision of
the jury, to say if the failure to so protect them was an act of
negligence, and the jury decided it against appellant.   At the
time of appellee's injury one of the wheels, the third wheel,
at no previous time accustomed to be sanded, slipped upon
the rail, and appellee having been directed by the man in
charge of the machine to sand it, attempted to do so.   The
space between the track and excavated pit was narrow, and
incumbered with a bank of earth higher than the beam
along the side of the wheels.   In his effort to reach this
wheel to sand it, appellee slipped from the bank of earth

upon the beam, the machinery and wheels being in motion, and in consequence of the wheel being unguarded, and by his being caused to slip upon a frozen clod, or other substance then upon the beam, his left foot slipped and the whirling wheel spokes caught his toes against the iron lining of the beam, and thereby cut off the ends of the four small toes, and a piece from the big toe. The vital issues upon the trial were, (1) as to the alleged negligence of appellant in failing to guard the wheel; (2) the direction to appellee to sand the wheel while it was in motion; and (3) as to the contributory negligence of appellee. We have already expressed our opinion concerning the first point. The other points may be considered together. We have already given our opinion that appellant was bound by the acts of the person in charge of the machine, in his relation to appellee. Appellee was invited to sand the wheel in the circumstances it was done. The general rule is that the servant may often be deemed to have used ordinary care, when acting under the express invitation or advice of the master, even though, but for that circumstance, his conduct would be deemed clear evidence of negligence. (Sec. 91, Shear. & Red. Neg.) Upon the whole evidence we feel compelled to say that the jury were warranted in finding, as they did, these several issues of fact against appellant.

It is objected the court permitted two of appellant's witnesses to be asked, on cross-examination, if they had not tried to procure from appellee releases to appellant for his injuries, and, it is argued, such evidence tended to prove appellant admitted its liability. The evidence was not competent for such purpose, but it was proper for the purpose of tending to prove the interest the witnesses had assumed, and might be considered in connection with their credibility, and was therefore proper cross-examination. It frequently occurs that evidence is admissible for a specific purpose, and for none other. In such cases it must be admitted, and its use or effect controlled by the request for proper instructions for such purpose.

We have examined the instructions given to the jury at

request of appellee, of which complaint is made, and do not find them subject to the objections urged against them. They are, we think, confined to the issues tried, and as fairly state the law as the rights of appellant demanded, and when considered together with those given at the request of appellant, we feel compelled to say there is no just ground for appellant's criticism of the ruling of the court relative to the instructions to the jury. We are not prepared to say that the loss by a young man of the ends of his toes, is excessively compensated by $750.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.