## MAITLEN *v.* MAITLEN.

[No. 6,535.  Filed November 16, 1909.]

1. DEEDS.—*Warranty.—Covenants.—Binding Force of.*—A wife is bound by her covenants of warranty whether she and her husband owned the land as tenants in common or as tenants of the entirety.  p. 561.

2. DEEDS.— *Statutory Form.— Warranties.— Covenants.*— A warranty deed in the statutory form (§3958 Burns 1908, §2927 R. S. 1881) warrants the grantors' seizin, right to convey and quiet possession, as well as the freedom from any .incumbrances, and a defense of the title.  p. 562.

3. PLEADING.— *Complaint.— Covenants.—Breach.—Possession.*—In an action for the breach of a warranty against incumbrances, it is not necessary to allege ownership or possession of the lands. p. 562.

4. VENDOR AND PURCHASER.—*Warranty Deed.—Liens.—Purchase of. —Burden of Proof.*—The purchaser of lands under a deed of general warranty has the right to purchase outstanding liens, but the burden is upon him to show that such liens were subsisting at the time of the conveyance.  p. 562.

5. DEEDS.— *Covenants.— Running with Land.*— Covenants against incumbrances run with the land, and the. grantor's knowledge thereof is not material.  p. 562.

6. DEEDS.—*Warranties.—Liens.—Payment.—Accrual of Right of Action.*—Where a father and his minor child were the owners of a tract of land and the father conveyed and warranted the entire tract to two intermediate grantees, one of whom subsequently died and his estate was settled, and upon the subsequent death of the minor child, and settlement of the estate, a claim for funeral expenses arose which had to be paid by the remote grantee of such tract, such remote grantee has a right of action against the other intermediate grantee for the amount so paid, the cause of action arising only upon the payment of such claim. p. 563.

7. PARENT AND CHILD.—*Funeral Expenses.*—It is a father's duty to pay the funeral expenses of his child, but where he is unable to pay, such expenses constitute a proper charge against the child's estate.  p. 563.

8. DESCENT AND DISTRIBUTION.—*Debts.*—A decedent's real estate descends to his heirs charged with the payment of his debts. p. 563.

9. DECEDENTS' ESTATES.—*Sales of Land to Pay Debts.*—It is the duty of an administrator, where necessary, to sell his decedent's real estate to pay the debts.  p. 564.

10.  DESCENT AND DISTRIBUTION.—*Deeds.*—*Subsequent Vesting of Title.*—*Liens.*—Where a father and his minor child owned a tract of land, and the father conveyed and warranted the entire tract to intermediate grantees and they conveyed and warranted such tract to the remote grantee, upon the death of the minor child, leaving the father as her only heir, the warranty deeds of said grantors became effective to pass the interest of said child, burdened with the lien for her funeral expenses, for which, upon the payment of same, the remote grantee had a right of action against his grantors for a breach of warranty against incumbrances. p. 564.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by Grant Maitlen against Ruth A. Maitlen. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant.
*James J. Moran* and *Charles Shockney,* for appellee.

MYERS, J.—In this case the assignments of error question the sufficiency of the second and third paragraphs of the complaint, separately, to withstand a demurrer for want of facts, and allege that the decision of the court was contrary to law. The evidence is not in the record, and we shall give attention only to these paragraphs.

The allegations, common to both paragraphs, show that Margaret Jacobs, of Jay county, Indiana, died intestate, the owner of certain real estate in said county, leaving as her only heirs at law, her husband, Anderson Jacobs, and her daughter, Emma Jacobs, the latter a minor; that said named heirs on October 17, 1897, owned said real estate as tenants in common, and on said day Anderson Jacobs, by warranty deed, conveyed all of said real estate to Richard B. Maitlen and Ruth A. Maitlen, the latter the appellant in this appeal; that on November 16, 1899, Richard B. Maitlen and Ruth A. Maitlen, by warranty deed—a copy of which is made an exhibit—conveyed said real estate to Grant Maitlen, appellee herein; that thereafter, in November, 1899, Emma Jacobs, still an infant, died at Delaware county, Indiana, leaving no personal or other property, except her interest in said land

so conveyed by Richard B. and Ruth A. Maitlen to the appellee, and leaving as her only heir at law her father, said Anderson Jacobs; that in 1900, Philip Payton was, by the Delaware Circuit Court, appointed administrator of the estate of Emma Jacobs, deceased, and qualified as such; that valid liens in the sum of $175, occasioned by her last sickness and funeral expenses, were filed and allowed against her estate, and no appeal was taken from such allowances within the time allowed by law; that on April 16, 1902, said Richard B. Maitlen died testate; that by the terms of his will he bequeathed all his personal property and devised all of his real estate to said Ruth A. Maitlen, his widow, for and during her natural life, and after her death the same was to be equally divided among his children, naming them, five in number; that the widow accepted the provisions of said will, and she and the other devisees and legatees now own the real estate and personal property left by said testator, stated to be worth $6,000; that on April 22, 1902, the will of said Richard B. Maitlen was probated, and appellant was appointed executrix of his estate and made final settlement thereof in 1903; that on July 11, 1904, the appellee, Grant Maitlen, paid the claims filed against the estate of Emma Jacobs, deceased, to the amount of $175.

In the caption and in the body of each of these paragraphs the appellant and the children of Richard B. Maitlen are named as defendants, but the transcript before us does not show any notice to, or process issued for, such children, or any appearance to the complaint on the part of any one, except the appellant. The judgment was against appellant only.

There is no allegation in either of said paragraphs, as to the relation existing between Richard B. Maitlen and Ruth A. Maitlen at the time they received the deed from Anderson Jacobs. Therefore, in either event, whether they took the title to the land by entireties or as ten-

ants in common, appellant would be bound by her covenants
of warranty.

The appellee's title to the land is by virtue of a warranty
deed from appellant and her husband, in the form designated
by our statute (§3958 Burns 1908, §2927 R. S. 1881)
which, when read into the deed, must be considered as
a conveyance in fee simple to appellee with covenants
that the grantors were lawfully seized of the premises, had
good right to convey the same, and guaranteed the quiet
possession thereof; that the same was free from all incum-
brances; that they would defend the title to the same against
all lawful claims. *Worley* v. *Hineman* (1893), 6 Ind. App.
240; *Mauzy* v. *Flint* (1908), 42 Ind. App. 386.

Appellant insists that each of these paragraphs is bad be-
cause of appellee's failure to allege ownership or possession
of the land described in the complaint. Ownership
is shown. Appellee did not proceed upon the theory
of a breach of warranty because of an outstanding
paramount title, but upon the theory of a breach of war-
ranty against incumbrances. He had a right to purchase
outstanding liens against the land and to be subro-
gated to the rights of such lienholders, but in that case
the burden was upon him, in an action against the
warrantor for reimbursement, to show that the lien was a
valid and subsisting one at the time of the conveyance. And
whether the purchaser knew of the lien at the time of
receiving the deed cannot affect his right as against
his warrantor, for the reason that such a covenant
runs with the land, and he may assume that it will be taken
care of without recourse to the land. *Kemp* v. *Cantrall*
(1873), 44 Ind. 452; *Burk* v. *Hill* (1874), 48 Ind. 52, 17 Am.
Rep. 731; *Watts* v. *Fletcher* (1886), 107 Ind. 391; *Maris* v.
*Iles* (1892), 3 Ind. App. 579.

We are not advised when the claims against the estate of
Emma Jacobs were filed or when they were allowed by the

administrator, but it does appear, from the showing
6. made, that they were valid claims against her estate,
and that they were paid by appellee, after the settle-
ment of Richard B. Maitlen's estate, to prevent a sale of a
portion of the land by her administrator to make assets with
which to pay them. It is insisted that appellee should have
filed a claim against the estate of Richard B. Maitlen for any
damage by reason of any breach of the warranty, and fail-
ing so to do he was barred by that settlement. We cannot
agree with this insistence, for the reason that appellee was
not at the time of such settlement a creditor of that estate.
The claims were due from the estate of Emma Jacobs, and a
liability of the Maitlens by virtue of their covenant of war-
ranty, only, and which did not accrue to appellee until they
were paid by him. *Whittern* v. *Krick* (1903), 31 Ind. App.
577.

It is shown, by each paragraph of the complaint, that
Emma Jacobs, at the time of her death, owned a fee simple
interest in the land covered by appellant's warranty
7. deed to appellee; that claims, on account of her last
sickness and funeral expenses, were filed and allowed
against her estate, and that her father was insolvent. While
it is the duty of the father to pay these expenses, yet where
it is shown that he is unable to do so, they are proper charges
against the minor's estate. *Rowe* v. *Raper* (1899), 23 Ind.
App. 27, 77 Am. St. 411.

It is the settled law that the real estate of a decedent
descends to his heirs, charged with the payment of his debts.
Therefore, when Emma Jacobs died, her undivided
8. interest in the land vested in her father, subject to be
taken by her administrator for the payment of her
debts. *Chaplin* v. *Sullivan* (1891), 128 Ind. 50; *Moore* v.
*Moore* (1900), 155 Ind. 261; *Tippecanoe Loan, etc., Co.* v.
*Carr* (1907), 40 Ind. App. 125.

Under §2852 *et seq.* Burns 1908, §2336 *et seq.* R. S. 1881,
it was the duty of the administrator to take such steps as

were necessary to sell enough of the land of which she died seized to discharge all valid claims filed against her estate. And this he was threatening to do, as was alleged in the second paragraph, when appellee paid the same.

In the third paragraph it appears that appellant and appellee, for the purpose of stopping the litigation looking to the sale of the land, entered into an agreement, whereby appellee, under a promise from appellant to reimburse him, paid and satisfied said claims.

These additional facts tend to show, if nothing more, the necessity for the action taken by appellee in order to prevent a sale of the land.

On the question whether the claims paid came within the rule making the warrantor liable therefor, it must be conceded that the deeds of Anderson Jacobs and his subsequent grantors, at the time of their execution, transferred only his undivided interest, but upon the death of Emma Jacobs, and not until then, did these deeds become effective to pass the title of her interest in the land to appellee, so that at the time the deeds became effective to pass the minor's interest, there were valid and subsisting liens thereon, which appellee was compelled to pay to clear his title.

Judgment affirmed.