SMITH *v.* TOMLIN ET AL.

[No. 15,253. Filed April 20, 1936.]

*Karabell & Lipman,* for appellant.

*Wilbur A. Royse,* for appellees.

KIME, P. J.—This was an action by one paragraph of amended complaint instituted by appellees against appellant seeking to recover from appellant the sum of $5,000.00 as damages resulting from an alleged breach of a warranty against incumbrances contained in a general warranty deed of conveyance of certain real estate executed by appellant to the appellees.

To this amended complaint appellant filed an answer in four paragraphs, the first of which was a general denial, and the remaining paragraphs alleged affirmative defenses. To the second, third, and fourth paragraphs of answer appellees replied in general denial. The issues were thus closed and the cause was submitted to the court for trial. Judgment in the sum of $250.00 (being the amount paid to one Hunter, lessee in a certain lease with option to purchase on the real estate herein, in which appellant was lessor, for a quit claim deed to said real estate), together with costs was rendered against appellant and in favor of appellees.

Appellant's motion for new trial containing the grounds that the decision of the court was not sustained by sufficient evidence and that it was contrary to law was overruled and this appeal followed, the error properly assigned being the overruling of that motion.

The evidence discloses that at the time of the conveyance herein there was in existence a lease with option to purchase; that at that time appellees had actual knowledge of the existence of such lease with option to purchase and accepted assignment thereof; that on a certain day every month Hunter, the lessee in said lease with option to purchase, offered to pay rent for said premises to appellees; that they would not accept the same; that the attorneys for a tentative purchaser of said real estate from appellees refused to accept the

title for the reason that said Hunter held this lease with the option to purchase and that said Hunter never asked for a deed to said real estate. The evidence does not disclose that Hunter ever attempted to exercise his option by paying the amount due on the purchase price and demanding a deed.

The evidence further discloses that the deed herein conveyed the real estate "subject to the unpaid balance of a certain mortgage in favor of the Plymouth Savings & Loan Association. Subject to all unpaid taxes and all taxes payable hereafter."

By such warranty deed appellant covenanted that she was lawfully seized of the premises, had good right to convey the same, guaranteed the quiet possession thereof in appellees; that except as to the mortgage and taxes above mentioned said real estate was free of encumbrances and that she would defend the title against all lawful claims.

"It has been many times held that an option to purchase gives no right of property in and to the thing which is the subject of the option. It is not a sale. It is not even an agreement of sale. At most it is a right of election in the party receiving the same to exercise a privilege, and *only when that privilege has been exercised* by an acceptance does it become a contract to sell." (Our italics.) *Butsch* v. *Swallow* (1922), 78 Ind. App. 101, 106, 134 N. E. 877.

There is nothing in the record to show that the holder of the lease with option to purchase ever exercised such option or that it was a valid and subsisting lien at the time of the conveyance. Nor is there anything in the record to show that appellees yielded to a paramount title or that appellees did not enjoy the quiet possession of the premises. Until someone established a paramount title, dispossessed appellees or held a valid and subsisting lien, other than such as were

mentioned in the deed, against said real estate, appellees have not been damaged in such manner as to make appellant liable nor should they be entitled to reimbursement of the $250.00 which they voluntarily paid to one who had not asserted a lien.

We are not unmindful of the fact that appellees had the right to purchase liens standing against the said real estate other than those mentioned in the deed and to be subrogated to such lienholders' rights, however, appellees herein failed to discharge the burden resting upon them of showing that such lease with option to purchase was acquired by them and that it was a valid and subsisting lien at the time of conveyance. *Maitlen* v. *Maitlen* (1909), 44 Ind. App. 559, 89 N. E. 966, and cases there cited.

This cause is reversed with instructions to grant appellant's motion for a new trial.