HOME OWNERS' LOAN CORPORATION *v.* HORNYAK ET AL.

[No. 27,786. Filed October 13, 1942. Original opinion withdrawn and modified opinion filed November 11, 1942.]

*Walter W. Houppert,* of Indianapolis, and *Vernon R. Helmen,* of South Bend, for appellant.

*Hammerschmidt & Johnson,* of South Bend, for appellees.

Roll, C. J.—Appellant, by this action, sought to foreclose its mortgage on real estate owned by appellee Hornyak. The Holland Furnace Company was made a party defendant because of a lien of a conditional sales contract, entered into between appellee Victoria Hornyak and The Holland Furnace Company, for the purchase of a hot-air furnace which was installed within the mortgaged premises. The purchase, the installation of the furnace, and the recording of the conditional sales contract were subsequent to the execution and recording of appellant's mortgage.

It is recited in appellant's brief that the court found in favor of plaintiff as against the defendants Hornyak and Hornyak, and decreed the foreclosure of the mortgage as to them, but also found for the defendant Holland Furnace Company, on its cross-complaint, granting it the right to remove the furnace from the mortgaged premises in satisfaction of the unpaid balance due on its contract.

We are confronted, at the outset, with appellee's contention that appellant's brief presents no question for our consideration. An examination of appellant's brief as to its sufficiency discloses serious defects. We find that the judgment of the trial court has been omitted entirely, and no reference to the page in the transcript is made. The next defect observed is, that neither appellant's motion for a new trial, nor the substance thereof is set out anywhere in its brief, and no reference as to where it may be found in the transcript is set out; yet, the only error relied upon for reversal is the overruling of its motion for a new trial.

Appellant omits altogether a condensed recital of the evidence. Appellant makes no attempt to set out the evidence in a narrative form, but contents itself with a recital of certain clauses in the mortgage and the conditional sales contract.

It is obvious that appellant has failed to comply with Rule 2-17 of the Supreme Court. If this court should consider the points and propositions stated by appellant, it would necessitate an examination of the record itself. If we considered the evidence to determine whether or not it was sufficient to support the decision of the court, we would have to read the evidence from the record itself.

This court is not required to search the record for errors, *Baxter* v. *Meyers, Rec.* (1938), 105 Ind. App.

596, 15 N. E. (2d) 113; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001; *Mackay* v. *State, ex rel. Smith* (1918), 187 Ind. 411, 119 N. E. 711; *State, ex rel., Good,* v. *John* (1908), 170 Ind. 233, 84 N. E. 1, and we do not choose to do so in this case.

We conclude that appellant's brief is wholly insufficient to present any question for our consideration.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 89.