BANDY *v.* MYERS ET AL.

[No. 20,309.   Filed June 14, 1967.   No Petition for Rehearing filed.]

*Vercil O. Springer* and *Owen S. Kern,* both of Indianapolis, for appellant.

*Smith & Jones, Harold W. Jones, Robert W. Geddes* and *Keith L. Andrews,* for appellee, Mabel Myers, and *William R. Richards, John A. Stanek* and *Aubrey & Sallee,* for appellees, Albert and Frances Layton, all of Indianapolis.

PFAFF, C. J.—Appellant, Emmett O. Bandy, brought this action for specific performance of an option to purchase real estate from the appellee, Mabel E. Myers. The appellees, Albert C. Layton and Frances L. Layton, were also made defendants. Appellant alleged that appellee Myers had conveyed a portion of the real estate to appellees Albert C. Layton and Frances L. Layton subsequent to the execution of the option and that they were at all times fully informed of appellant's rights in the real estate. Appellant prayed that the appellees, and each of them, be compelled to convey to appellant by warranty deed any and all interest which they had in the real estate. Appellee Myers filed an answer in admission and denial and six paragraphs of answer. Appellees Layton and Layton filed an answer in admission and denial and also sought to quiet title in the portion conveyed to them.

Trial resulted in a judgment for all appellees.

It appears that appellee Myers executed a written option on July 13, 1963, reciting that in consideration of $1.00, receipt of which was acknowledged, she gave appellant an exclusive right for a period of time (the exact period being in dispute here) to purchase the real estate for $19,000.00. Under its terms a written acceptance served upon appellee Myers by mailing the same on or before the termination of the option was to be sufficient notice of the election of appellant to exercise the option. In the event it was exercised appellee Myers was to furnish an abstract of title within a reasonable period of time. Upon payment in full of the net purchase price, appellee Myers was to execute and deliver a warranty deed. This instrument was never recorded.

In October, 1963, appellees Albert C. Layton and Frances L. Layton negotiated with appellee Mabel E. Myers for the purchase of a part of the land involved herein. They agreed upon the purchase price, which was paid in full on October 11, 1963. Appellee Myers then gave her receipt for the purchase price of $2500.00, which receipt stated that it was "for lot located 625.56 from property line of Guion Rd. west to his east property line 82 ft. frontage, 289.35 deep, which is the property of the undersigned." The deed was to be made as soon as a proper legal description could be obtained based upon a survey which had been started. The appellees Albert C. Layton and Frances L. Layton proceeded to put a well down, and had a foundation prepared for a house. On October 19, 1963, they had a house moved onto the foundation.

On November 23, 1963, appellant saw the house and learned that the Laytons were claiming as purchasers of a part of the land. Appellant sent a letter to appellee Myers, dated four days later, saying that he had the money in hand and was ready to exercise the option, and that a survey would be required. A day or two later appellant went to the home of appellee Myers and was told that she did not wish to discuss the matter and that if he had anything further to say that he

could discuss it with her attorney, Mr. Andrews. No tender of the purchase price was ever made.

Thereafter, on December 2, 1963, appellant sent a telegram to appellees Albert C. Layton and Frances L. Layton stating that he had an option on the property owned by appellee Myers. Prior to the receipt of this telegram the Laytons had never heard of the appellant and knew nothing of his claims and did not have notice of any facts which would put an ordinarily prudent person on inquiry.

Appellee Myers prepared a deed, dated two days subsequent to the telegram, which apparently contained a faulty description, conveying said real estate to Albert C. and Frances L. Layton.

Various deeds, plats and descriptions were introduced in evidence and are referred to by appellant in his argument, but are not contained in the briefs. It is well settled that this court will not search the record to find reversible error. *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611; *Home Owners' Loan Corp.* v. *Hornysk* (1942), 220 Ind. 487, 44 N. E. 2d 89; *Credit Bureau etc.* v. *Faulstitch* (1964), 135 Ind. App. 511, 195 N. E. 2d 359.

As stated in 25 I. L. E. *Sales of Realty*, § 2, p. 290:

"An option to purchase real estate is a contract by which the owner thereof agrees with another person that the latter shall have the power to purchase such property at a fixed price within a certain period. It gives no right of property in, and to, the thing which is the subject of the option, since it is not a sale nor even an agreement for a sale, and at most it is but a right of election in the party receiving the same to exercise a privilege, and only when that privilege has been exercised by an acceptance does it become a contract to sell. By an option the owner does not sell his property, but he does subject himself to the liability of having to convey the property if the option is exercised within the time and in the manner stipulated."
*Tyler* v. *Tyler* (1942), 111 Ind. App. 607, 40 N. E. 2d 983; *Smith* v. *Tomlin* (1936), 102 Ind. App. 103, 1 N. E. 2d 297; *Butsch* v. *Swallow* (1922), 78 Ind. App. 101, 134 N. E. 877; *Hilker* v. *Curdes* (1922), 77 Ind. App. 466, 133 N. E. 851;

*In re Aurora Gaslight, etc. Co.* (1917), 64 Ind. App. 690, 133 N. E. 1012.

Therefore, appellant had no right in the real estate involved herein or in the contract to purchase the same at the time the Laytons orally contracted for the purchase of a part, paid the full purchase price, received the receipt, took possession, placed a house on the real estate and made improvements thereon or at the time when appellant saw the Laytons' improvements and learned of their claims. Appellant argues, however, that he must prevail over the Laytons because they had notice of the existence of his option at the time they received their deeds.

Assuming that appellant's attempted exercise of the option was valid and made within the time specified therein (although this is disputed) and it thereby became a contract to sell, such contract was subsequent in date to the contract of the Laytons. A second purchaser under a real estate contract, even though bona fide, is not protected against the equitable interest of the first purchaser. *Gallion* v. *M'Caslin* (1820), 1 Blackford 91, 12 Am. Dec. 208; *Denham et al.* v. *Degymas et al.* (1958), 237 Ind. 666, 147 N. E. 2d 214; *Earle* v. *Peterson et al.* (1879), 67 Ind. 503, 511.

In this case appellant had knowledge of the claim of the Laytons to the portion of the land on which they had placed their house at the time he attempted to execute his option. As stated by the Supreme Court in *Smith* v. *Schweigerer* (1891), 129 Ind. 363, 365, 28 N. E. 696:

> "One who purchases with full knowledge of prior equitable or legal rights is not a purchaser in good faith. Notice before payment of the purchase-money prevents the acquisition of the character of a *bona fide* purchaser. . . . Mistakes in the description of land may always be corrected against a party who buys with full knowledge of another's prior purchase of and from the same grantor."

Therefore, appellant was not entitled to specific performance.

Appellant in this case did not elect to take title to that part of the land which appellee Myers was able to convey and to compel her to perform to the extent of her ability, either with or without an abatement from the purchase price to compensate for the deficiency. No argument is presented based upon such a theory. No evidence was presented upon which an abatement could be based. See: *Ryan v. Evans* (1925), 195 Ind. 570, 145 N. E. 6; *Louisville, New Albany and Chicago R. W. Co.* v. *Bodenschatz* (1895), 141 Ind. 251, 263, 39 N. E. 703; *Wingate* v. *Hamilton and Another* (1855), 7 Ind. 73; 148 A. L. R. *Annotation* 563; 49 Am. Jur. *Specific Performance*, § 102, p. 119, § 105, p. 123.

Rather, appellant has limited himself to the position that the sale to appellees Albert C. Layton and Frances L. Layton was with prior knowledge of appellant's privilege and to seeking strict performance as to the entire tract. As previously stated, he was not entitled to such relief.

Appellant complains that the court erred in admiting certain testimony concerning the conversation at the time of the signing of the option.

The option as originally typed was for a period of 180 days. It was signed by appellee Myers at her home in the presence of her attorney and others. Prior to its signing, the figure "6" was written in ink over the "8", and the figure "5" over the "0". Appellant on direct examination in his case in chief testified that at this meeting a nephew of appellee Myers wanted the option to be for 165 days instead of the 180 days as originally typed and that nothing was said about a 60 or 65 day period and that "everyone agreed to the 165 day period for the option." He now complains that it was error for the court to permit the other persons present at the time to testify what was said on the subject on this occasion concerning a shorter period of 65 days, and which was contrary to his testimony, on the ground that such testimony would vary or contradict the terms of a written instrument. Appel-

lee Mabel E. Myers filed several affirmative answers, none of which were demurred to. The affirmative answers alleged lack of mutuality, vagueness and uncertainty resulting from the alterations. It is stated in 20 Am. Jur. *Evidence,* § 1101, p. 964:

> "One who has given evidence of conversations which took place between the parties to a written agreement before the agreement was made cannot object to the other party giving his own version of the same conversations."

In *Lahr.* v. *Broyles et al.* (1927), 86 Ind. App. 33, 37, 155 N. E. 709, Judge Nichols speaking for this Court said:

> "Finally, appellant complains that the court erred in the exclusion of testimony of appellant concerning a conversation which appellees by their witness had been permitted to give. It is a well-established rule of law, where one party is permitted to give a conversation or a part of it, it is error not to permit the opposite party to give his version of the same conversation, and, in this regard, the court erred. American Steel Foundries v. Sech (1919), 69 Ind. App. 538, 122 N. E. 347."

It is the opinion of this Court that no error was committed since appellant first testified to the conversation. However, even if error had been committed by the admission of such testimony, appellant was not harmed or entitled to the relief requested.

Judgment affirmed.

Bierly, Cook and Smith, JJ. concur.

NOTE.—Reported in 227 N. E. 2d 183.