940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FARBER DISTRIBUTING COMPANY, Plaintiff-Appellant,
v.
MILLER BREWING COMPANY, Defendant-Appelle.
 No. 90-2688.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1991.
Decided July 23, 1991.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 BACKGROUND
 
 1
 Farber Distributing Company, Inc., of Indianapolis ("Farber") and Miller Brewing Company of Milwaukee ("Miller") joined forces in 1972 to distribute Miller brand beer in central Indiana. Farber eventually sold its business in 1987 to Rhodes Beverage Company, Inc. ("Rhodes") who became the area's authorized Miller products distributor at that time.
 
 
 2
 Exclusive distributorships are somewhat akin to corporate marriages. When things go well, both parties prosper. When the distributor wants to sell its business, however, the manufacturer usually has the contractual right to approve any transfer sale of the distributorship prior to consummation of the transaction. Manufacturers want to be assured that the new alliance will work, and routinely review evidence of the potential buyers economic resources, experience and business savvy. Customarily, such consent to sell the distributorship to a qualified buyer cannot be "unreasonably withheld."
 
 
 3
 The commonly-used contractual term "reasonable," however, often results in litigation over interpretation. Such is the case here. Farber claims it suffered financial harm when Miller "unreasonably withheld" its approval of two potential buyers, forcing Farber to eventually accept the offer by a third buyer at a less lucrative price.
 
 
 4
 As damages for Miller's alleged breach of contract, Farber has endeavored to collect the difference between the higher prices offered by the two "rejected" potential distributors, Indiana Beer & Wine Distributors, Inc. ("IB & W") and Monarch Beverage Company ("Monarch"), and the price eventually paid by Rhodes, the successful buyer.
 
 
 5
 This is not a case where contracts for sale had been executed. Both IB & W and Monarch had purchased "options" to acquire Farber, although Farber evidently presented both of these options to Miller as binding contracts to purchase the distributorship. Neither of these purchase options were exercised, and, as such, draw into question whether unexercised options can form the basis for the breach of contract and resulting damage claims made by Farber.
 
 
 6
 On Miller's motion for summary judgment, the district court found that Farber failed to produce any evidence in support of a key element necessary to establish a prima facie case: causation. Farber never confronted the issue of why IB & W and Monarch had failed to exercise their options. The district court further determined that under Indiana law, option agreements create no property rights on the part of the optionee. Judge Noland therefore granted Miller's motion for summary judgment, and it is this order Farber appeals.
 
 STANDARD OF REVIEW
 
 7
 This court reviews the district court's grant of summary judgment de novo. La Preferida, Inc. v. Cerveceria Modelo, S.A., 914 F.2d 900, 905 (7th Cir.1990). Here Judge Noland held that under long-settled principles of Indiana law (the correct choice of governing law) mere unexercised options to purchase fail to create a property right that can form the foundation for Farber's contract claim. This is correct. Smith v. Tomlin, 102 Ind.App. 103, 1 N.E.2d 297, 298 (1936).
 
 
 8
 When questioned at oral argument, counsel for the appellant was unable to identify a single Indiana case which has held that a mere unexercised option agreement can create the requisite property right that would be essential to withstand summary judgment. Our research has also failed to locate such a case; indeed, a long line of Indiana cases hold to the contrary. As pointed out earlier, Farber failed to address the key element of causation in the district court, and thus may not endeavor to clear that hurdle on appeal. Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1289 (7th Cir.1986), Kensington Rock Island Ltd. v. American Eagle Historic Partners, 921 F.2d 122, 124 (7th Cir.1990).
 
 
 9
 Affirmed.